USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/27/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JENNIFER SCHWARTZ and MIA
ROSENBERG, *individually and on behalf of all others similarly situated*,

                             Plaintiffs,

-against-

DEVA CONCEPTS, LLC, d/b/a DEVACURL,

                             Defendant.
-----------------------------------------------------------------X

1:20-cv-1657-GHW

<u>ORDER TO SHOW CAUSE</u>

GREGORY H. WOODS, United States District Judge:

      This action was filed in this Court on February 25, 2020. Dkt. No. 1. The Court notes that at least two other actions were filed on February 10, 2020 against Defendant Deva Concepts, LLC in the Southern District of Florida, *see Bransky v. Deva Concepts, LLC*, No. 20 Civ. 20604 (MGC) (S.D. Fla. Feb. 10, 2020) (the "Florida action"), and in California District Court, *see Airoso v. Deva Concepts, LLC*, No. 20 Civ. 1289 (ODW) (RAO) (C.D. Cal. Feb 10, 2020) (the "California action").

      Under the first-to-file rule, "where there are two [or more] competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *First City Nat. Bank & Tr. Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (alterations omitted). "Courts have applied the doctrine even in the absence of absolute identity of the parties where there are substantial overlapping factual and legal issues between both actions." *Catalano v. BMW of N. Am., LLC*, 167 F. Supp. 3d 540, 551 (S.D.N.Y. 2016).

      This case involves "identical or substantially similar parties and claims" as the Florida and California action. *In re Cuyahoga Equip. Corp.*, 980 F.2d at 116–17 (2d. Cir. 1992). The named plaintiffs in all three actions are substantially similar: all allegedly represent the same nationwide class of putative plaintiffs—that is, consumers who allegedly purchased Defendant's products,

including several items in the "DevaCurl No-Poo" line of hair conditioner, face masks, and other personal cosmetic products.  *See* Complaint, No. 20 Civ. 1657 (GHW) (S.D.N.Y. Feb 20, 2020) ("New York Complaint"), Dkt. No. 1, at ¶¶ 1, 86; Complaint, *Bransky v. Deva Concepts, LLC*, No. 20 Civ. 20604 (MGC) (S.D. Fla. Feb. 10, 2020) ("Florida Complaint"), Dkt. No. 1, at ¶¶ 1, 89; Complaint, *Airoso v. Deva Concepts, LLC*, No. 20 Civ. 1289 (ODW) (RAO) (C.D. Cal. Feb 10, 2020) ("California Complaint"), Dkt. No. 1, at ¶¶ 1, 87.  All of the named plaintiffs purchased Defendant's products based on Defendant's representations that its products are "free of sulfates, parabens, and silicones" and provides nourishing benefits to "to gently cleanse curls without stripping the natural oils they need to look healthy, bouncy and simply gorgeous."  *See, e.g.*, New York Complaint at ¶ 3; Florida Complaint at ¶ 4; California Complaint at ¶ 4.  After using Defendant's products, Plaintiffs experienced hair loss and irritated skin.  New York Complaint at ¶ 30; Florida Complaint at ¶¶ 66; 69, 72; California Complaint at ¶¶ 63, 67, 71.  In support of these allegations, all three actions present the same set of online complaints about the harms experienced by users of Defendant's products.  New York Complaint at ¶ 54; Florida Complaint at ¶ 87; California Complaint at ¶ 85.

The New York, California, and Florida actions all assert claims under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301.  *See* New York Complaint at ¶¶ 65-85; Florida Complaint at ¶¶ 100-20; California Complaint at ¶¶ 98-118.  And each action raises claims of breach of express warranty, breach of implied warranty of merchantability, unjust enrichment, negligent failure to warn, and negligent failure to test, along with various state law consumer fraud and false advertising claims.  *See* New York Complaint at ¶¶ 86-177; Florida Complaint at ¶¶ 100-90; California Complaint at ¶¶ 98-208.

Plaintiffs are therefore ORDERED TO SHOW CAUSE no later than March 11, 2020 as to why this action should not be transferred to either the Southern District of Florida or the Central District of California. Plaintiffs are further directed to serve a copy of this order on Defendant and to retain proof of service.

SO ORDERED.

Dated: February 27, 2020
New York, New York

_____
GREGORY H. WOODS
United States District Judge